IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

KECIA E. PORTERFIELD                                                                                PLAINTIFF

v.                                              No. 4:16-CV-00534-JM-JTK

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration                                                              DEFENDANT

## RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James Moody. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### REASONING FOR RECOMMENDED DISPOSITION

Kecia Porterfield applied for social security disability benefits with an amended alleged onset date of September 22, 2014. (R. at 33–34). After a hearing, the administrative law judge (ALJ) denied her application. (R. at 23). The Appeals Council denied Porterfield's request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Porterfield has requested judicial review.

For the reasons stated below, the magistrate judge recommends reversing and remanding the Commissioner's decision.

I.        The Commissioner's Decision

The ALJ found that Porterfield had the severe impairments of fibromyalgia, Crohn's disease, obesity, major depressive disorder, and generalized anxiety disorder. (R. at 10). The ALJ then found that Porterfield's impairments left her with the residual functional capacity to perform medium work, except that she could handle, finger, and feel only frequently. (R. at 14). The RFC also limited Porterfield to work that must not expose her to hazards such as unprotected heights or moving mechanical parts. (R. at 14). The ALJ also found that Porterfield was limited to unskilled work, defined as the ability to understand, retain, and perform routine, simple, and repetitive tasks; make simple work related decisions; have interpersonal contact that is incidental to the work performed; and requiring simple, direct, and concrete supervision. (R. at 14). Having taken testimony from a vocational expert (VE), the ALJ found that Porterfield could not return to any of her past relevant work. (R. at 22). However, the VE testified that Porterfield could perform other work such as meat skin picker or handpackager. (R. at 23). The ALJ therefore held that Porterfield was not disabled. (R. at 23).

## II.   Discussion

The Court is to affirm the ALJ's decision if it is not based on legal error and is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel,* 201 F.3d 1010, 1012 (8th Cir. 2000).

Porterfield contends that the ALJ did not properly assess her impairments as a whole. She argues that the ALJ wrongly discredited her Crohn's disease and

fibromyalgia. As the undersigned finds that the ALJ failed to properly assess Porterfield's fibromyalgia, it is not necessary to address her other arguments.

The ALJ found that Porterfield's fibromyalgia was a severe impairment. (R. at 10). However, the ALJ included no exertional limitations related to fibromyalgia and discredited Porterfield's fibromyalgia. (R. at 18). Specifically, the ALJ stated that Porterfield's fibromyalgia failed to satisfy SSR 12-2p, which requires at least 11 positive tender points, a history of widespread pain in all quadrants of the body, and evidence that other disorders that could cause the symptoms were eliminated.

Upon examination, Porterfield's doctor found that all fibromyalgia points were "exquisitely tender." (R. at 769). She has had complaints of pain throughout her body. (R. at 528, 745, 768, 791, 792). The ALJ discredited her pain as failing to meet the standards of SSR 12-2p because "[m]ost of [her] complaints and treatment concerned pain in her shoulders and hips." (R. at 18). SSR 12-2p defines a history of widespread pain as

> pain in all quadrants of the body (the right and left sides of the body, both above and below the waist) and axial skeletal pain (the cervical spine, anterior chest, thoracic spine, or low back)—that has persisted (or that persisted) for at least 3 months. The pain may fluctuate in intensity and may not always be present.

*Soc. Sec. Ruling, SSR 12-2p; Titles II & XVI: Evaluation of Fibromyalgia*, SSR 12-2P (S.S.A. July 25, 2012). Porterfield reported pain all over. (R. at 768). She has had back pain. (R. at 745). It is of no moment that her pain has mostly concerned her shoulders and hips, as the pain can fluctuate. The *Merck Manual* lists exercise and medications as the only treatments for fibromyalgia. *The Merck Manual*, 376 (Robert S. Porter et al, eds., 19th ed. 2011). Porterfield could not have more dramatic treatment for

fibromyalgia, which presents as pain throughout the body. The ALJ's opinion is inconsistent with SSR 12-2p and with the fact that the ALJ recognized fibromyalgia as a severe impairment. The ALJ failed to properly assess and account for the effects of fibromyalgia and has thus erred.

### III.    Recommended Disposition

The ALJ failed to include any limitations related to Porterfield's fibromyalgia and did not properly assess fibromyalgia. The ALJ's decision is therefore not supported by substantial evidence on the record as a whole. For these reasons, the undersigned magistrate judge recommends REVERSING and REMANDING the decision of the Commissioner with instructions to develop the record as necessary and to reevaluate Porterfield's RFC with a proper accounting of all of her impairments.

Dated this 30th day of March, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE